GEORGE YOUNG, Respondent, v. HORACE K. THURBER et al.,
Appellants.

H., who was the consignee and agent of a manufacturing corporation for the
    sale of its manufactures, under an agreement by which he was to make
    advances to the company on goods consigned, and reimburse himself out
    of proceeds of sales, sold certain of the goods to defendant in his own
    name, upon which he had made advances to more than their value.   In
    an action to recover the purchase-price, defendants sought to set off an
    account against the company, which had become insolvent, for goods
    sold by them to it.   Held, that defendants were not entitled to the set-off.
After defendants had sold to the corporation a portion of the goods for
    which the set-off was claimed they requested H. to consent that the pur-
    chases of the company be charged to his account ; this he refused, but
    stated that when defendants' account should fall due, he would accept
    the company's draft for the amount.   Held, that this could not be con-
    strued as an agreement to allow the set-off ; that it was simply a volun-
    tary promise to accept, and if enforceable on the ground that goods were
    delivered on the faith of it, could be enforced only according to its terms,
    and as defendants never obtained or attempted to obtain such a draft,
    defendants had acquired no rights under it.

(Argued December 13, 1882 ; decided March 6, 1883.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, made the first Tues-
day of May, 1881, which reversed a judgment in favor of
plaintiff, entered upon the report of a referee, and granted a
new trial.

The nature of the action and the material facts are stated
in the opinion.

E. Countryman for appellants.  By his agreement with the
corporation Hermance was clearly constituted at least the
general agent of the glass works, for the sale of its manufac-
tures, and his sales of goods to the defendants were the sales of
the corporation. (Jeffrey v. Bigelow, 13 Wend. 518, 522 ;
Anderson v. Coonley, 21 id. 279 ; Ferguson v. Hamilton, 35
Barb. 427, 441, 442 ; Story on Agency, §§ 17–19.)  It is not
material whether the sales of the agent were made in his own

name or in the name of the company. In either event, and whether the principal was known or unknown to the purchasers, the corporation was responsible for and could enforce the sales made by its authorized agent. (*Nicoll* v. *Burke*, 78 N. Y. 580; *Hill* v. *Miller*, 76 id. 33; *Beardsley* v. *Duntley*, 69 id. 577; *Briggs* v. *Partridge*, 64 id. 358, 362; *Indianapolis, etc., R. R. Co.* v. *Tyng*, 63 id. 655; *Coleman* v. *First Nat. B'k*, 53 id. 388.) The agent also had authority to sell on credit. (*Leland* v. *Douglas*, 1 Wend. 490; *Van Allen* v. *Vanderpoel*, 6 Johns. 69; Story on Agency, § 60; 1 Chitty on Contracts [11th Am. ed.], 295.) Plaintiff's position, therefore, is no better than that of Hermance. (*Barlow* v. *Myers*, 64 N. Y. 41; *Davidson* v. *Alfero*, 16 Hun, 353; *S. C.*, 80 N. Y. 660.) The fact that defendants charged their sales to Hermance does not conclude them. (*Swift* v. *Pierce*, 13 Allen, 136, 137; *Gardiner* v. *Hopkins*, 5 Wend. 23, 24; *Walker* v. *Richards*, 41 N. H. 388; *Hogan* v. *Bearden*, 36 Tenn. 48; *Champion* v. *Doty*, 31 Wis. 190.) Equity requires that crossdemands be set off against each other if, from the nature of the claim, or the situation of the parties, justice cannot otherwise be done. (*Smith* v. *Felton*, 43 N. Y. 419, 422, 423; *Lindsay* v. *Jackson*, 2 Paige, 581; *Smith* v. *Fox*, 48 N. Y. 674; *Davidson* v. *Alfarod*, 16 Hun, 353; *S. C.*, 80 N. Y. 660.) By mutual credit, in the sense in which the terms are here used, we are to understand a knowledge on both sides of an existing debt due to one party and a credit by the other party founded on and trusting to such debt, as a means of discharging it. (2 Story's Eq. Jur., § 1435; *Ex parte Prescott*, 1 Atk. 230; *Hankey* v. *Smith*, 3 D. & F. 507, note.) A court of law could not formerly set off independent debts against each other; but a court of equity would not hesitate to do so, upon the ground either of the presumed intention of the parties, or of what is called a natural equity. (2 Story's Eq. Jur., §§ 1435, 1436; *Uphon* v. *Wyman*, 7 Allen, 499; *Schiefflin* v. *Hawkins*, 1 Daly, 289; *Receiver* v. *Paterson Ins. Co.*, 23 N. J. Law, 283.) A joint debt may in equity (contrary to the rule at law) be set off against a separate debt, where

there is a clear series of transactions establishing that there was a joint credit given on account of the separate debts, or under any special circumstances that may occur creating an equity. (2 Story's Eq. Jur., §§ 1437, 1437*b* ; *Simpson* v. *Hart,* 14 Johns. 64 ; *Spurr* v. *Snyder,* 35 Conn. 172 ; *Blake* v. *Langdon,* 19 Vern. 485 ; *Vulliomy* v. *Noble,* 3 Merivale, 593 ; *Marshall* v. *Cooper,* 43 Ind. 47 ; *Jeffries* v. *Evans,* 6 B. Monr. [Ky.] 119 ; *Brewer* v. *Norcross,* 17 N. J. Eq. 219 ; *Barber* v. *Spencer,* 11 Paige, 517.)

*Charles A. Fowler* for respondent.

RAPALLO, J.  The plaintiff, as assignee of Jacob Hermance, brought this action to recover of the defendants the price of certain glassware sold to them by Hermance.  The defendants claim to set off against the plaintiff's demand an indebtedness of an incorporated company known as the Ellenville Glass Works, to the defendants, for goods sold by them to that company.  The grounds upon which the defendants claimed this set off were that Hermance was the consignee and sole agent of the Ellenville glass works, for the sale of its wares, and that the goods sold to the defendants by him, were sold as such agent and consignee ; that the company had become insolvent, and that under the circumstances the defendants should in equity be allowed to set off their claim for goods sold to the company, against the bill of goods sold to them by Hermance as the agent of the company.

They further claimed that after a part of the goods sold by them to the company had been delivered, and when the company applied to make further purchases, Hermance agreed with them that their sales to the company should be credited upon his bill against them.

The facts proved and found do not sustain these claims. It is established by the evidence and findings, that Hermance was the consignee and agent of the company for the sale of its wares, but it also appears that he became such agent and consignee under an arrangement by which he was to make ad-

°vances to the company on the goods consigned to him, and to reimburse himself these advances out of the proceeds of the sales. That under this arrangement he made advances exceeding the value of the goods consigned, and sold the goods in his own name. He was consequently not simply the agent of the company, but he had an interest of his own in the proceeds of the sales, and there would be no equity in allowing his vendees to retain out of the proceeds of the goods thus consigned to and sold by him, and upon which he had a right to rely for the reimbursement of his advances, independent claims which his vendees might have against his consignors.

The allegation that Hermance agreed that the purchases of the company might be credited to the defendants on his account against them is not sustained. The evidence in support of this allegation consists wholly of written correspondence between the parties, which is set forth in the findings of the referee. From the correspondence it appears in substance that after the defendants had sold to the company a portion of the goods for which an offset is now claimed, they wrote to Hermance, requesting his consent that the purchases of the company be charged to his account, and that he refused such consent, but at the same time stated that when the defendants' account should fall due, he would accept the company's draft for it. This promise the referee, before whom this action was tried, construed as an agreement that the goods sold by the defendants to the company should be set off against the purchases made by the defendants from Hermance, and consequently allowed the set off. The court at General Term reversed this decision, and we think correctly. Hermance was under no obligation to allow the claims of the defendants against the company to be set off against his sales to the defendants, upon the proceeds of which he had a lien, and his promise to accept the company's drafts appears to have been entirely voluntary. If enforceable on the ground that goods were delivered on the faith of it, the promise could be enforced only according to its terms, and it is found as a fact that the defendants never obtained, or attempted to obtain, the order

of the company on Hermance for the bills of goods sold by them to the company.

These reasons, we think, are sufficient to require us to affirm the order of the General Term, and it follows that judgment absolute should be rendered against the appellants upon their stipulation.

All concur.

Order affirmed and judgment accordingly.